IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON EARL BURSEY, #634359, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1899-D |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Dep't of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Statement of Case: On February 3, 1993, Petitioner pled guilty to burglary of a building, enhanced by a prior conviction in the 292nd Judicial District Court of Dallas County, Texas, in Cause No. F92-04928-NV. Punishment was assessed at twenty-five years imprisonment.

In this action, Petitioner challenges a parole revocation which occurred on January 12,

2005. (Respondent's Exh. B). On April 3, 2005, Petitioner filed a state habeas application, which the Texas Court of Criminal Appeals (TCCA) denied without written order on August 30, 2006. *Ex parte Bursey*, No. 62,576-03, Vol. I, at cover and 2.[1]

In his federal petition, filed on October 16, 2006, Petitioner challenges his parole revocation as constitutionally defective. He claims as follows:

> (1) his parole revocation violated various constitutional rights because it was based on charges on which a grand jury had entered a "no bill," and because there was insufficient evidence to find Petitioner guilty of violating the terms of his parole (grounds 1, 2, 5 and 6);
> (2) he was denied a preliminary hearing in violation of his due process rights (ground 3); and
> (3) he was denied his right to counsel in violation of his sixth amendment rights (ground 4).

In response to this Court's order to show cause, Respondent filed an answer along with the relevant state court record. Although Petitioner filed a reply, he preserved his right to the discovery and evidentiary hearing requested in his motion filed on February 13, 2007.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] As noted in Respondent's Answer, the State court record related to the state habeas corpus application consists of two volumes: Vol. I refers to event ID 2252237, and Vol. II refers to event ID 2252243.
Petitioner also filed two motions for leave to file petition for writ of mandamus, which were denied by the TCCA. *Ex parte Bursey*, No. 62,576-01 and -02.

28 U.S.C. § 2254(d).

    1.    <u>"No bill" and insufficient evidence (Grounds 1, 2, 5 and 6)</u>

The underlying focus of Petitioner's arguments is that the Board of Pardons and Paroles (Board) revoked his parole simply on the basis of false allegations made by an ex-girlfriend (aggravated assault and possession of a weapon (a steak knife)), on which he was never arrested or convicted, and on which a grand jury entered a "no bill." (Pet. at 3-7, and Reply at 6-8). In returning a "no bill," Petitioner argues the grand jury found the ex-girlfriend' allegations to be incredible and insufficient to support an indictment and, thus, that the Board improperly relied on those allegations in revoking his parole. (Reply at 6-8). According to Petitioner, the return of a no bill "removed all factual support from the evidence to be used at the Parole revocation hearing . . . ." (*Id.* at 9).

Judicial review of a decision to revoke parole "is quite circumscribed." *Villarreal v. U.S. Parole Com'n*, 985 F.2d 835, 839 (5th Cir. 1993). Due process only requires that there be "'some evidence' in the record to support the . . . decision" to revoke parole. *Id.*[2] A revocation proceeding is not part of a criminal prosecution. *Morrissey v. Brewer,* 408 U.S. 471, 480 (1972). The burden of proof in a parole revocation hearing is by a preponderance of the evidence, a considerably lower standard than reasonable doubt which governs criminal trials. *Villarreal*, 985 F.2d at 839. All that is required for revocation is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms and conditions of his release. *See Mack v. McCune*, 551 F.2d 251, 254 (10th Cir. 1977).

---

    [2]    Although *Villareal* and other cases referred to in this recommendation involve revocations of federal paroles, they are relevant since they also apply the Supreme Court's decision in *Morrissey v. Brewer*.

Contrary to Petitioner's assertion the Constitution does not bar parole authorities from considering criminal activities for which the parolee has not even been charged, or criminal charges which were previously dismissed. *Maddox v. U.S. Parole Com'n*, 821 F.2d 997, 999 (5th Cir. 1987) ("the commission may consider . . . allegations of criminal activity for which the prisoner has not even been charged."); *Villareal*, 985 F.2d at 839 (parole boards may consider charges which were dismissed by the State); *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997) (per curiam) (no due process violation when State considered dismissed criminal charge during parole revocation hearing); *Cohee v. Wendt*, 2004 WL 1593632, *2, No. 3:03cv2806-G (N.D. Tex. 2004), *findings and conclusions accepted*, 2004 WL 1774555 (2004).

To revoke parole or "supervised release, an arrest, charge and ultimate conviction of a new criminal offense [are] not required." *Garner v. Cockrell*, 2002 WL 230901, *3, No. 4:01cv374-Y (N.D. Tex. 2002) (accepting findings and conclusions); *LaFoe v. Dretke*, 2004 WL 287734, *2, No. 3:03cv1722-M (N.D. Tex. Feb. 5, 2004), *findings and conclusions accepted* (Mar. 9, 2004) (upholding revocation of parole based on testimony and affidavits supporting assaults and threats, although there was no new arrest, charge or conviction).

In rejecting the notion that a subsequent criminal prosecution must have occurred, the Supreme Court in *Morrissey,* noting that sometimes revocation occurs when the parolee is accused of another crime, reasoned:

> Given the previous conviction and the proper imposition of conditions, the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial if in fact he has failed to abide by the conditions of his parole.

408 U.S. at 483.

Therefore, the return of the no bill by the grand jury had no relevance during Petitioner's

4

parole revocation proceedings. The Court turns next to Petitioner's assertion that there was insufficient evidence to support his parole revocation.

In this case, the evidence supporting the charged violations was presented at the revocation hearing through the testimony of Monica Christian (Petitioner's ex-girlfriend and complainant), Police Officer R. W. Miles, and Police Detective Sheila Green. *See Ex parte Bursey*, No. WR-62,576-03, Vol. II at 8 and 12-13. Ms. Christian testified that Petitioner "choked her," that "he struck her in the face with his hands," that he "displayed a knife, and threatened to kill her," and that he "opened the door to his residence, and she ran away." *Id.* at 12. She explained that "[s]he was in fear of her life," and had "suffered bruising in her neck and face." *Id.* She did not immediately report the assault to the police because she had to go to work. *Id.*

On September 20, 2004, Dallas Police Officer Miles, responded to a call for service concerning Ms. Christian reporting the September 18, 2004 assault. *Id.* He testified that Ms. Christian reported that Petitioner had choked her and struck her in the face, knocking her to the ground, and that he threatened to kill her, displaying a knife. *Id.* She reported suffering bruising and swelling to her cheek and eye. *Id.* Officer Miles confirmed observing bruising under Ms. Christian's right eye, and photographing her injuries. *Id.*

Detective Green, who investigated Ms. Christian's assault allegation, reiterated the testimony of Officer Miles and noted that Ms. Christian provided a written statement, was persistent in pursuing prosecution, and called her daily about the progress in the investigation. *Id.*

Petitioner testified that he neither assaulted Ms. Christian nor threatened her with a knife.

*Id.* at 13. He further testified that she used illegal drugs, and that on September 18, 2004, she came to his residence at 4:00 a.m., and that he asked her to leave. *Id.* at 8. This allegedly made Ms. Christian mad, and she threatened to have Petitioner arrested. *Id.* at 8. According to Petitioner, "[t]he only way Christian could be accepted into the Salvation Army was if she reported herself to be a victim of domestic violence," and that she had falsely accused other men of domestic violence. *Id.* at 8 and at 13.

The Court concludes that the above evidence provided sufficient factual support, by a preponderance of the evidence, that Petitioner had violated at least one condition of his parole. Revocation was, thus, warranted. *See United States v. McCormick*, 54 F.3d 214, 219 n. 3 (5th Cir. 1995) (when reviewing decision to revoke supervised release based on several alleged violations, record need only support a violation of a single condition of release in order to be upheld by appellate court).

Petitioner complains that Ms. Christian was an unreliable witness because she had multiple motives for making up the story as noted above. Insofar as he contends the hearing officer improperly weighed the evidence, choosing to credit the complainant's testimony as opposed to his denials, his claim fails for several reasons. First, as noted previously, the Board need only determine by a preponderance of the evidence that the parolee has violated a condition of parole in order to revoke parole. Second, formal rules of evidence do not apply to parole revocation hearings. The hearing officer and the Board may use any relevant evidence when considering a case for parole revocation. Third, the court cannot re-weigh the hearing officer's assessment of the relative credibility of the witnesses affidavit and testimony . . . ." *See Hackett v. U.S. Parole Com'n*, 851 F.2d 127, 131 (6th Cir. 1987) (courts lack the power to overturn a

credibility determination made during parole revocation proceedings).

In sum, the evidence was sufficient to support Petitioner's parole revocation and he is lawfully restrained.

Petitioner's double jeopardy claim is patently frivolous. As noted above, the Board is free to consider allegations of criminal activities for which the parolee has not even been arrested or charged, or that were previously dismissed. Moreover, the Fifth Circuit has declined to extend the protections of the Double Jeopardy Clause to parole revocation proceedings. *Parr v. Quarterman*, 472 F.3d 245, 254 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 2974 (2007); *Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997) (citing *Cortinas v. United States Parole Com'n,*, 938 F.2d 43, 46-47 (5th Cir. 1991), and *United States v. Whitney,* 649 F.2d 296, 298 (5th Cir. Unit B 1981)); *Johnson v. Dretke*, 2003 WL 22255674, *2, No. 3:03cv0917-D (N.D. Tex. 2003), *findings and conclusion accepted*, 2003 WL 22252875 (2003). "[T]he primary purpose of parole revocation proceedings is not to punish a violation of a criminal law, but to determine whether a violation of the terms of parole has occurred, notwithstanding the fact that parole revocation might result in further imprisonment." *Cortinas*, 938 F.2d at 47.

Petitioner's collateral estoppel claim fares no better. "The doctrine of collateral estoppel does not have constitutional dimensions independent of the double jeopardy clause." *Gill v. State of Texas*, 1994 WL 261222, *1 (5th Cir. 1994) (unpublished); *see also Parr*, 472 F.3d at 254 (rejecting "'attempts to erect a due process basis, independent of the double jeopardy clause, for the application of collateral estoppel.'"). Here Petitioner's collateral estoppel claim is nothing more than an attempt to restate his double jeopardy argument. It therefore must fail.

In sum, grounds 1, 2, 5 and 6 should be denied.

(2) Denial of preliminary hearing (ground 3)

In support of this claim, Petitioner alleges that the Board improperly relied on a stale allegation of criminal trespass (on which he had been previously convicted and reprimanded) to deny him a preliminary hearing. (Pet's Reply at 4). Petitioner explains that on November 5, 2004, Dallas police officers arrested him at his apartment on the basis of a blue warrant. (*Id.* at 3). On November 9, 2004, Petitioner was given notice that he had violated Rules 2 and 5 of the conditions of his parole (which related to the assault and possession of a weapon (i.e., the knife used in the alleged assault)). (*Id.*). He was also given notice that a preliminary hearing would be held. (*Id.*). On December 9, 2004, however, the notice of alleged violations of parole was re-issued, adding the stale allegation of criminal trespass, on which the Board thereafter relied in finding probable cause to detain him and, thus, denying him a preliminary hearing. (*Id.*).

The fundamental purpose of a preliminary hearing is to determine whether there is probable cause to believe that the detained parolee has committed acts which violate the conditions of his parole. *Morrissey v. Brewer*, 408 U.S. 471, 485. It is well established, however, that a parolee is not denied due process when the State provides him a final revocation hearing before the revocation of his parole, although he was previously denied a preliminary hearing. *See Collins v. Turner,* 599 F.2d 657, 658 (5th Cir. 1979) (per curiam) (denying habeas relief for failure to conduct preliminary probation revocation hearing when final revocation hearing had been conducted); *Barton v. Malley*, 626 F.2d 151, 159 (10th Cir. 1980) (same, parole revocation); *Salazar v. Cockrell*, 2002 WL 324297, *2, No. 3:00cv1265-R (N.D. Tex. 2002) (same); *Bryant v. Cockrell,* 2001 WL 1516833, No. 4:01-CV-0020-A (N.D.Tex. 2001) (same). Once a final revocation hearing is held, denial of a preliminary hearing no longer has

8

any relation to the inmate's present incarceration. *Collins*, 599 F.2d at 658 ("To order appellant's release from custody at this time would be to grant an extreme remedy for a deprivation from which appellant is no longer suffering.")

In this case, Petitioner was provided a full revocation hearing on December 21, 2004, which was continued on December 29, 2004. Accordingly, Petitioner's due process claim regarding the denial of a preliminary hearing should be denied.

Petitioner's equal protection claim based on the denial of a preliminary hearing is conclusory at best and should likewise be denied. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

(3)  Denial of Right to Counsel in Violation of Sixth Amendment (ground 4)

Next Petitioner contends that he was denied the right to appointment of counsel.

A parolee has no absolute right to counsel during parole revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). Rather the decision to appoint counsel is made on a case by case basis in the exercise of sound discretion by the state authority charged with the responsibility of administering the parole system. *Id.* at 790-91.

In this case, Petitioner requested representation of counsel. The hearing officer, however, determined that Petitioner did not meet the criteria for appointment of counsel because the "issues were not complex," and he "was articulate, and understood the hearing process." *Ex parte Bursey*, No. WR-62,576-03, Vol. II, at 12. Petitioner has not demonstrated an abuse of discretion on the part of the hearing officer in denying appointment of counsel. The lengthy memorandum and exhibits submitted in this federal action certainly support the hearing officer's findings that Petitioner was capable of defending himself. Accordingly, ground four should be

denied.

(4) <u>Petitioner's Motion for Discovery and for an Evidentiary Hearing</u>

In his motion for discovery, Petitioner reiterates that the return of the no-bill by the grand jury was sufficient to show that he had not violated the rules of his conditions of parole. (Pet's mot. at 6). He, thus, requests that the no-bill be introduced in the record. (*Id.* at 3). As noted above, the return of the no bill had no relevance during Petitioner's revocation proceeding. Moreover, the additional documents requested in Petitioner's motion for discovery are either included in the state court record or irrelevant to the disposition of the claims raised in the federal petition. Therefore, Petitioner's motion for discovery should be denied.

Petitioner's request for an evidentiary hearing fares no better. The AEDPA limits the circumstances in which a habeas corpus petitioner may obtain an evidentiary hearing in federal court, imposing a significant burden on petitioners who fail to diligently develop the factual bases for their claims in state court. *See Williams v. Taylor*, 529 U.S. 420, 433-34 (2000) (prisoners who are at fault for the deficiency in the state court record must satisfy a heightened standard to obtain an evidentiary hearing); 28 U.S.C. § 2254(e)(2). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams*, 529 U.S. at 437. Under the AEDPA, if a petitioner failed to develop the factual basis of a claim in state court, he is entitled to a federal evidentiary hearing only if (1) the claim relies on either (a) a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence *and* (2) the facts underlying the claim are sufficient to establish by clear and

convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. *Foster v. Johnson*, 293 F.3d 766, 775 n. 9 (5th Cir. 2002); 28 U.S.C. § 2254(e)(2).

Petitioner was afforded a full and fair opportunity to develop and litigate his claims for relief during his state habeas corpus proceeding. Petitioner has presented this Court with no new evidence or factual theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding. Likewise, Petitioner does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims. Petitioner does not offer any *rational* explanation for his failure to fully develop any and all evidence supporting his claims during his state habeas evidentiary hearing. Nor does he identify any additional evidence which he was unable to develop and present to the state habeas court despite the exercise of due diligence on his part. Under such circumstances, Petitioner is not entitled to a federal evidentiary hearing to further develop the facts supporting his claims.

## RECOMMENDATION:

In conclusion, Petitioner has not demonstrated that the Texas Court of Criminal Appeal's decision denying his state habeas application was either an unreasonable application of clearly established federal law or an unreasonable application of the facts in light of the evidence presented. Accordingly, it is recommended that the petition for writ of habeas corpus and Petitioner's motion for discovery and for an evidentiary hearing (Docket # 15) be DENIED.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 6th day of August, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.